KELLAN S. PATTERSON, SB No. 307190
info@ ___ npatterson.com
**LAW OFFICE OF KELLAN PATTERSON**
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833
Tel: 916.905.7265
Fax: 916.721.2742

Kellan Patterson, Attorney for WENDY GIBSON

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY GIBSON,<br><br>                 Plaintiff,<br><br>        vs.<br><br>BRADLEY BUCHWALTER, as an individual,<br><br>CASEY WHITNEY, as an individual<br><br>COUNTY OF BUTTE, as a municipal corporation  and<br><br>DOES 1-25,<br><br>                 Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Arrest in Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)<br>2. False Arrest<br>3. False Imprisonment<br>4. Use of Excessive or Unreasonable Force<br>5. 42 U.S.C. § 1983 Unlawful Seizure<br>6. 42 U.S.C. § 1983 Unlawful Search<br>7. 42 U.S.C. § 1983 *Monell* Claim<br><br>Judge: Judge's Name<br>Department: Department number<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF THE CASE

This action arises out of and relates to the wrongful conduct of Butte County deputy sheriffs BRADLEY BUCHWALTER, Defendant, CASEY WHITNEY, Defendant, and the COUNTY OF BUTTE, Defendant, resulting in statutory constitutional violations of the Bane Act, false arrest, and false imprisonment of WENDYGIBSON, Plaintiff. Plaintiff alleges as follow

**PARTIES**

1.      Plaintiff WENDY GIBSON, (hereinafter referred to as "GIBSON" or "Plaintiff") is a 65-year-old African American female adult that resides in Oroville, a city in Butte County, California.

2.      Defendant COUNTY OF BUTTE  (hereinafter referred to as "COUNTY" or "Defendant") is now, and at all times mentioned in this complaint was, a municipal corporation existing by virtue of the laws of the State of California.

3.      Defendant BRADLEY BUCHWALTER (hereinafter referred to as "BUCHWALTER" or "Defendant") is now and at all times mentioned in this complaint was, a duly appointed and acting peace officer of the above-named municipal corporation.

4.      Defendant CASEY WHITNEY (hereinafter referred to as "WHITNEY" or "Defendant") is now and at all times mentioned in this complaint was, a duly appointed and acting peace officer of the above-named municipal corporation.

5.      Plaintiff is informed and believes that Defendants BUCHWALTER and WHITNEY are California residents.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in this judicial district and are residents of this State in which the district is located.

8.      Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district by the named Defendants.

**GENERAL ALLEGATIONS**
**Relevant Facts**

9.      On August 27, 2022, at or about 8:30 PM, Plaintiff Ms. GIBSON was driving home on Grand Avenue, located in the City of Oroville, California, when she noticed a police car rapidly approaching and appeared to be flashing lights behind her vehicle. She was nearing a stop sign

2

1  located before the entrance to Highway 70 and in front of the driveway of "C.Reynolds for
2  Masonry" company building.

3  10.    Ms. GIBSON pulled over to the right of the road to make room for the police vehicle to
4  pass. The officer, BUCHWALTER, pulled in behind Ms. GIBSON, and stepped out of his car,
5  yelling to her that "she did not seem fit to drive". Once he got to her window, he shone a light in
6  her face and said that the car "smelled like alcohol and marijuana". BUCHWALTER told Ms.
7  GIBSON to keep her hands on the wheel and told her to turn her headlights off. Plaintiff did not
8  want to turn her lights off because it was dark.

9  11.    Ms. GIBSON was not under the influence of alcohol nor was she under the influence of
10  marijuana. Ms. GIBSON does not drink alcohol, nor does she consume marijuana.

11  12.    Ms. GIBSON car did not smell of alcohol nor did it smell of marijuana.

12  13.    BUCHWALTER only asked for her driver's license but did not ask to see her car's
13  registration or insurance. He kept her license in his pocket. BUCHWALTER told her that he was
14  going to take her keys in case Ms. GIBSON drives off.

15  14.    Ms. GIBSON sat in her car for another 15 to 20 minutes before a second officer,
16  WHITNEY, arrived at the scene. Ms. GIBSON observed BUCHWALTER and WHITNEY
17  congregate at the front of her vehicle to talk with each other.

18  15.    WHITNEY then walked to Ms. GIBSON's side of the car, shone another light in her eyes
19  and claimed she was under arrest. WHITNEY snatched Ms. GIBSON out of her vehicle, and as
20  he handcuffed her, he twisted her arm and pushed her face against the car's window.

21  16.    Neither BUCHWALTER nor WHITNEY read Ms. GIBSON her Miranda Rights, or
22  answered any of her questions. BUCHWALTER threatened Ms. GIBSON with statements such
23  as "don't forget my face" and "you better show up for this car", also stating that he will "issue a
24  warrant out" for her.

25  17.    Strangely, BUCHWALTER and WHITNEY failed to perform any field sobriety tests
26  (FSTs) prior or after being arrested.

27  18.    Ms. GIBSON was placed in BUCHWALTER's vehicle and as she was driven away, she
28  saw WHITNEY empty her purse out on top of her car.

3
COMPLAINT FOR DAMAGES

19.    BUCHWALTER took Ms. GIBSON to the police department where she was detained in a holding cell until 2:30 AM. No one at the police station spoke to Ms. GIBSON other than to order her around. Ms. GIBSON asked to make a phone call but was so distraught from the events taking place that it took her a while to operate the phone. She did not have her cell phone with her; it was left at home during her quick shopping errand down the street from her home. The only phone number she remembered was her daughter's, who resides in Georgia. After the phone call, Ms. GIBSON was released. Again, no one said anything to her as she left, only fulfilling her request to call a cab to take her home.

20.    Prior to being released, Ms. GIBSON did take a breathalyzer test. Ms. GIBSON believes her test did not yield any positive results for marijuana or alcohol.

21.    Ms. GIBSON's car was impounded and taken to Stars and Stripes Towing. On August 29th, Ms. GIBSON obtained a release from the Sheriff's Department to retrieve her car and went to Stars and Stripes towing and paid $335 for her vehicle's release.

22.    Ms. GIBSON tried to obtain a police report of the incident and was given an online link to fill out a request form for a Release of Records. The police department told Ms. GIBSON to print out the form and submit it. After a while, she did not hear from the department and reached out to them. They told her they would be "sending her something in the mail". On September 19, 2022, she received their answer to her request. There was a box marked, claiming that a criminal investigation was occurring, and they were not able to provide a report. Ms. GIBSON also noticed that at the bottom of the form, someone handwrote "you were not the victim, you were arrested".

23.    After the incident, Ms. GIBSON received paperwork that there would be a hearing on October 21st at 8:30 AM. On that day, she went to her court hearing and checked the calendar, but a courtroom was not listed. She went to the clerk's desk to ask for more information; however, the clerk told Ms. GIBSON that they were not going to prosecute the case at the time, stating it was not necessary to proceed with. Ms. GIBSON received no prior notification of this decision. Aside from asking for the clerk's confirmation of this decision in writing, Ms. GIBSON had no other information regarding the hearing.

COMPLAINT FOR DAMAGES

1    24.    Although unemployed, Ms. GIBSON's line of work is property management. She is

2    hoping to take the exam to become a realtor. Ms. GIBSON had a job interview scheduled on the

3    Monday after her arrest but due to her mental and emotional state, she was not able to respond to

4    it.

5

6                                    **FIRST CAUSE OF ACTION**
                                  **Unlawful Arrest (Bane Act Violation)**
7                    (Brought by Plaintiff GIBSON, against all BULCHWATER AND WHITNEY)

8    25.    Plaintiff re-alleges and incorporate each and every paragraph above as though fully stated

9    herein.

10   26.    On August 27, 2022, BUCHWALTER and WHITNEY interfered with Plaintiff's exercise

11   and enjoyment of civil rights secured by section 52.1 of the California Code of Civil Procedure,

12   specifically unlawful detention, false arrest, excessive use of force, and racial profiling.

13   27.    BUCHWALTER and WHITNEY interfered with Ms. GIBSON's rights by threats,

14   intimidation, or coercion specifically by yelling assumptions at Ms. GIBSON that she did not

15   seem fit to drive and that her car smelled like alcohol and marijuana, repeatedly shining a light in

16   her face that obscured her vision, refusing to answer any of her questions as to why they pulled

17   her over, congregating in front of her vehicle to speak, violently pulling Ms. GIBSON out of her

18   vehicle to shove her against her car's window; detaining her in handcuffs, and formally arresting

19   her by taking her to jail.

20   28.    As a direct and proximate result of Defendants' conduct, and each of them, Ms. GIBSON

21   has suffered and will continue to suffer humiliation, mental anguish, and paranoia while driving

22   around completing her daily tasks and living in Oroville.

23   29.    The actions of BUCHWALTER and WHITNEY violated Civ. Code, § 52.1.

24   30.    BUCHWALTER and WHITNEY's violation of Civ. Code, § 52.1 entitles Ms. GIBSON

25   to compensatory and exemplary damages pursuant to Civ. Code §§ 52.1 and 52.

26   31.    In doing the acts alleged in this Complaint, BUCHWALTER and WHITNEY knew or

27   should have known that the actions were likely to injure Ms. GIBSON. Ms. GIBSON is informed

28   and believes that Defendant intended to cause injury to her and acted with willful and conscious

1  disregard of her rights as secured by Civ. Code § 52.1, thus entitling Ms. GIBSON to recover

2  punitive damages pursuant to Civ. Code § 52, subd. (b)(1).

3  32.    Pursuant to Civ. Code § 52.1, Ms. GIBSON is entitled to bring an action for damages and

4  injunctive relief, as set forth in Civ. Code § 52.

5  33.    Unless Defendants are restrained by a preliminary and permanent injunction, Ms.

6  GIBSON will suffer great irreparable injury in that she cannot feel comfortable living in her city

7  or completing daily tasks because of the fear that she will be unnecessarily pulled over. Ms.

8  GIBSON has no adequate remedy at law as monetary damages, which may compensate for past

9  interference with her civil rights, will not afford adequate relief for the fear, humiliation, and risk

10 of injury that continuation of Defendants' conduct in denial of Ms. GIBSON's rights will cause.

11

12                          **SECOND CAUSE OF ACTION**
                                   **False Arrest**
13              (Brought by Plaintiff GIBSON, against all BULCHWALTER AND WHITNEY)

14 34.    Plaintiff re-alleges and incorporates each and every paragraph above as though fully stated
   herein.
15
16 35.    On August 27, 2022, at about 8:30 PM, on Grand Avenue, in front of the Highway 70 exit

17 and the C.Reynolds Masonry driveway, BUCHWALTER and WHITNEY unlawfully arrested

18 Ms. GIBSON without a warrant or any other legal process and took her into custody, against her

19 will, and without probable cause.

20 36.    After arresting Ms. GIBSON, BUCHWALTER brought Ms. GIBSON to a police station

21 in Oroville, where she was restrained and detained until she was released around 2:30 AM on

22 August 28, 2022.

23 37.    During the time Ms. GIBSON was detained, neither BUCHWALTER, WHITNEY, nor

24 any other member of Defendants' city's police department made any attempt to conduct an

25 investigation so as to determine if in fact there was probable cause to arrest and detain Ms.

26 GIBSON, nor was the she taken to any judicial officer or magistrate.

27 38.    Ms. GIBSON did not commit an offense and BUCHWALTER did not have any

28 reasonable cause for believing that Ms. GIBSON committed any offense.

39.    As a direct and proximate result of the facts and circumstances set forth above, Ms. GIBSON was deprived of her liberty, was subjected to severe and painful injury at the time of her arrest, and in addition suffered mental and physical anguish, anxiety and embarrassment, all to her damage and prejudice in the amount of at least $250,000.00.

40.    The acts of BUCHWALTER and WHITNEY were done maliciously, wantonly, and intentionally, and entitle the Ms. GIBSON to punitive damages in in such amount as will sufficiently punish BUCHWALTER and WHITNEY for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

41.    Within the time allowed by Title I, Section 911.2 of the California Government Code, on February 13, 2023, Plaintiff presented and filed a verified claim against defendant COUNTY OF BUTTE for damages arising out of the above-described circumstances. A true and correct copy of the claim is attached to this complaint, marked "Exhibit A" and incorporated by reference. The claim was presented and filed in the manner prescribed by law.

### THIRD CAUSE OF ACTION
#### False Imprisonment
(Brought by Plaintiff GIBSON, against all BULCHWALTER AND WHITNEY)

42.    Plaintiff re-alleges and incorporates each and every paragraph above as though fully stated herein.

43.    On August 27, 2022, Plaintiff was wrongfully restrained, confined, and/or detained by BUCHWALTER and WHITNEY without a warrant, forcibly and against the will of Plaintiff.

44.    BUCHWALTER and WHITNEY intentionally confined Ms. GIBSON against her will in her vehicle and in a holding cell at the Oroville police department, for a period of six hours.

45.    As a result of Defendants' actions, Ms. GIBSON was unlawfully deprived of her liberty.

46.    WHITNEY intentionally deprived Ms. GIBSON of her freedom of movement by use of physical force.

47.    The restraint, confinement, and/or detention compelled Ms. GIBSON to be both stuck in her vehicle and when removed from her vehicle, forcibly pressed against it without the ability to move anywhere else.

7

1    48.    Ms. GIBSON did not consent to the restraint, confinement, and/or detention.

2    49.    Ms. GIBSON was actually harmed and WHITNEY's conduct was a substantial factor in

3    causing her harm.

4    50.    The acts and/or omissions of Defendants, and each of them, caused Ms. GIBSON to suffer

5    general damages.

6    51.    As a proximate result of Defendants' actions, Ms. GIBSON was prevented from

7    performing her usual work in property management, and she sustained special damages for lost

8    wages.

9

10                              **FOURTH CAUSE OF ACTION**
                                          **Battery**
11              (Brought by Plaintiff GIBSON, against BULCHWALTER AND WHITNEY)

12    52.    Plaintiff re-alleges and incorporates each and every paragraph above as though fully stated

13    herein.

14    53.    In making the arrest of Plaintiff on August 27, 2022 on Grand Avenue in Oroville,

15    California at around 8:30 PM, after arriving to the scene and speaking with BUCHWALTER,

16    WHITNEY approached Ms. GIBSON's driver side of her vehicle, snatched her from her driver's

17    seat without forewarning and wrongfully, intentionally, and unlawfully shoved Ms. GIBSON

18    against her vehicle, twisting her arm and pushing her face against the car window, causing a

19    severe and painful injury.

20    54.    Immediately after the assault on Ms. GIBSON, BUCHWALTER forcibly compelled her

21    to accompany him to police headquarters located in the City of Oroville, California, and there

22    unlawfully imprisoned and detained Ms. GIBSON for about six hours until August 28, 2022, at

23    2:30 AM, at which she was released.

24    55.    Ms. GIBSON did not commit any offense and Defendants did not have any reasonable

25    grounds for believing that Ms. GIBSON committed any offense.

26    56.    As a direct and proximate result of the above-described illegal actions of Defendants,

27    including Defendant WHITNEY's excessive and unnecessary use of force, Ms. GIBSON

28    sustained severe physical injury, causing her great pain of body and anguish of mind and was

8

1  prevented from transacting her usual business.

2  57.    In inflicting the described harm and injuries on Ms. GIBSON, Defendants deprived her of

3  her liberty by acting maliciously and wantonly, intending to wrongfully and unlawfully inflict

4  physical and mental pain and suffering on Ms. GIBSON at the time of her arrest, to her damage in

5  the sum of at least $250,000.00.

6

7  **FIFTH CAUSE OF ACTION**
   **Violation of the Fourth Amendment of the U.S. Constitution – Unreasonable Seizure**
   **of Person**

8  **42 U.S.C. § 1983**

9  (Brought by Plaintiff GIBSON, against BUCHWALTER AND WHITNEY)

10 58.    Plaintiff re-alleges and incorporates each and every paragraph above as though fully stated
   herein.

11
   59.    Under the Fourth Amendment of the United States Constitution, Defendants' above-
12
   described conduct violated Plaintiff's right to be free from unreasonable searches and seizures
13
   because Defendants' lacked the requisite probable cause to arrest Plaintiff.
14
15 60.    In this case, Ms. GIBSON alleges Defendants deprived her of her constitutional rights

16 when Defendants unreasonably seized Ms. GIBSON from her car and intentionally detained and

17 confined her from 8:30 PM until 2:30 AM on the night Defendants pulled her over, which was a

18 substantial factor in causing Ms. GIBSON's harm.

19 61.    Defendants seized Ms. GIBSON when they restrained her liberty through physical force

20 and show of authority. Defendant WHITNEY used physical force when he snatched Ms.

21 GIBSON out of her vehicle, twisted her arm, and shoved her against her vehicle's window.

22 62.    Defendants also exerted their authority on Ms. GIBSON by yelling at her, pocketing her

23 license and car keys, aggressively instructing her to keep her hands on the wheel, and threatening

24 her to: "remember their faces", she "better show up for [her] car" and that they will "issue a

25 warrant out" for her. Therefore, Ms. GIBSON, as a reasonable person, did not feel free to ignore

26 the Defendants' presence as law enforcement officers and go about her business due to

27 Defendants' manner, as she feared that compliance would be compelled against Ms. GIBSON.

28 63.    Defendants further acted intentionally by detaining and confining Ms. GIBSON on the

9

1  night of her arrest. Defendants acted with a conscious objective to detain and confine Ms.

2  GIBSON when BUCHWALTER pulled her vehicle over, accused her of being under the

3  influence of alcohol and marijuana, took her license and car keys, and told her to wait in her car

4  with her hands on the steering wheel for about 15 to 20 minutes before WHITNEY arrived at the

5  scene.

6  64.    The unreasonable seizure, detention, and confinement of Ms. GIBSON caused

7  constitutional deprivation and injury to her, and legally, proximately, and foreseeably caused Ms.

8  GIBSON to suffer damages according to proof at the time of trial. Those damages are both

9  economic and non-economic, and include emotional distress, pain and suffering. Ms. GIBSON is

10  also entitled to attorney's fees and costs of suit herein pursuant to Title 42, § 1988, et seq. to the

11  United States Code.

12  
**SIXTH CAUSE OF ACTION**
**Violation of the Fourth Amendment of the U.S. Constitution – Unreasonable Search**
**42 U.S.C. § 1983**

13  (Brought by Plaintiff GIBSON, against BUCHWALTER AND WHITNEY)

14  65.    Plaintiff re-alleges and incorporates each and every paragraph above as though fully stated

15  herein.

16  66.    Defendants, acting under the color of state law, unreasonably and intentionally searched

17  Plaintiff's belongings without her consent by emptying her purse on top of her vehicle, depriving

18  Plaintiff of her constitutional right to a search with probable cause or a warrant. Defendants

19  lacked the requisite probable cause or warrant to search Ms. GIBSON's belongings and thus

20  caused her emotional distress and harm.

21  67.    Defendants' search of Ms. GIBSON belongings was unreasonable because 1) there was no

22  defined scope or justification to conduct the search in as the Defendants had no probable cause or

23  warrant providing any reason to pull Ms. GIBSON over and search her belongings and 2)

24  Defendants used physical force and a show of authority to deprive Ms. GIBSON of her

25  belongings by shoving her against her car window, handcuffing her, placing her in the police car,

26  and emptying her purse only after she was restrained in the police vehicle and was driven away.

27  68.    Defendants acted in reckless and callous disregard for Ms. GIBSON's constitutional rights

28  under the meaning of section 1983 as their wrongful act of searching Ms. GIBSON's belongings

10

1  without a warrant were willful, oppressive, fraudulent, and malicious.

2  69.    Defendants' unlawful search caused Ms. GIBSON to be a "party injured" by the

3  constitutional violations to Plaintiff within the meaning of section 1983.

4  70.    Defendants' unreasonable and unlawful search caused Ms. GIBSON to suffer damages

5  according to proof at the time of trial. Those damages are both economic and non-economic and

6  include emotional distress, pain and suffering. Ms. GIBSON is also entitled to attorney fees and

7  costs of the suit herein pursuant to Title 42, section 1988 et seq. to the United States Code.

8
### SEVENTH CAUSE OF ACTION
**Monell: 42 U.S.C. Section 1983**
9  (Brought by Plaintiff GIBSON, against COUNTY OF BUTTE and Does 1-25)

10  1.    Plaintiff re-alleges and incorporate by reference herein paragraphs 1 through 38 of this

11  Complaint.

12  2.    Plaintiff is informed and believes and thereon alleges that high-ranking COUNTY OF

13  BUTTE officials, including high-ranking deputy supervisors and DOES 1 through 25, and/or each

14  of them, knew and/or reasonably should have known about the repeated acts of unconstitutional

15  conduct resulting in unlawful seizures by Butte County Sheriff Deputies.

16  3.    Despite having such notice, Ms. GIBSON is informed and believes and thereon alleges

17  that COUNTY OF BUTTE and DOES 1 through 25, and/or each of them, approved, ratified,

18  condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and

19  practice of misconduct and/or civil rights violations by the COUNTY OF BUTTE Sheriff's

20  Department, which brought about Defendants BUCHWALTER and WHITNEY unlawfully using

21  techniques and tactics to falsely assert the existence of probable cause to arrest and detain

22  members of the public, including Ms. GIBSON and to use unreasonable and unnecessary force to

23  effectuate the detention and arrest of members of the public, including Ms. GIBSON.

24  4.    Ms. GIBSON is further informed and believes and thereon alleges that as a result of the

25  deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants

26  BUCHWALTER and WHITNEY and/or each of them, Defendant COUNTY OF BUTTE and/or

27  DOES 1-25 ratified and encourage these officers to continue their course of misconduct.

28  5.    Ms. GIBSON further alleges that Defendants COUNTY OF BUTTE and DOES 1 through

11

25 and/or each of them, were on notice of the Constitutional defects in their training of Butte County Sheriff Deputies, including, but not limited to: unlawfully using techniques and tactics to manufacture facts in attempt to establish reasonable suspicion to detain and probable cause to arrest members of the public, including Ms. GIBSON.

6.      The aforementioned acts and/or omissions and/or deliberate indifference by high ranking COUNTY OF BUTTE officials, including high ranking Butte County Sheriff Deputy supervisors, DOES 1 through 25, and/or each of them resulted in the deprivation of Ms. GIBSON's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages in an amount to be proven at trial.
2. For General damages in the amount of $1,000,000.00.
3. For interest on the amount of compensatory damages;
4. For any and all penalties to max amount as provided by law;
5. Exemplary damages pursuant to Civ. Code, §§ 52.1 and 52;
6. For reasonable attorney's fees pursuant to applicable law;
7. For Costs of suit pursuant to applicable law;
8. For injunctive relief ordering Defendants to erase all records of being arrested;
9. For any other further relief that the court consider proper

Date: June 5, 2023

KELLAN S. PATTERSON
Attorney for WENDY GIBSON

12
COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1



# CLAIM FOR DAMAGES
# TO PERSON OR PROPERTY
## Butte County

Official Use Only

❖ **PLEASE READ ATTACHED INSTRUCTIONS FIRST**
❖ Completed claims must be mailed or delivered to:
   *Butte County Risk Management, 25 County Center Drive, Suite 213, Oroville, CA 95965*

### Section 1: Claimant Information

| Last Name | First Name | Middle Name |
|---|---|---|
| Gibson | Wendy | |

| Street Address | City, State | Zip |
|---|---|---|
| ▮▮▮▮▮▮ | Oroville, CA | 95965 |

| Home Phone (include area code) | Work Phone (include area code) | E-mail Address |
|---|---|---|
| ▮▮▮▮▮▮ | | |

| Birth Date | Social Security Number (required for Federal reporting requirements) | Are you receiving Medicare, or will you be receiving Medicare in the next 3 years? |
|---|---|---|
| 06/09/1957 | | Yes☐  No☐ |

Name, telephone and post office address to which claimant desires notices be sent, if other than above:

Law Office of Kellan Patterson; 916-905-7265 ext. 1; 2450 Venture Oaks Way, Suite 200, Sacramento, CA 95833

### Section 2: Claim Information

| Date of Occurrence or Event from which the claim arises: | Time of Occurrence or Event from which the claim arises: |
|---|---|
| August 27-28, 2022 | 8:30 PM - 2:30AM |

Location, including address (if none, nearest cross street) and city:
Grande Avenue, Oroville, CA (in front of entrancy to Highway 70 exit and C.Reynolds for Masonry company driveway)

Specify the particular occurrence, event, act or omission you claim caused the injury or damage (use additional paper if necessary):

On August 27, 2022, I was pulled over by Butte County police officers. Police officer #1 yelled at me, claiming that I was unfit to drive. As he came closer, he shone a flashlight in my face and said that my car smelled like alcohol and marijuana. He then told me to keep my hands on the wheel and took my car keys in case I drove off. He asked to see my driver's license, which he kept in his pocket. Police officer #2 arrived at the scene. After both officers spoke to each other, officer #2 went to my driver's side, shone another light in my face and said that I was "under arrest". He snatched me out of my vehicle, twisted my arm, and shoved my face against my car window. I was handcuffed and handed to officer #1. Officer #1 told me "don't forget my face" and "you better show up for your car". Officer #1 took me to the police station where I was detained in a holding cell until 2:30 AM. I had to wait until August 29 to obtain a release from the Sheriff's department to pick up my car from Stars & Stripes towing, where I paid $335 to retrieve my vehicle.

State how or wherein Butte County or its employees were at fault. Give the name(s) of the County department and employee(s) causing the damage or injury:

The Butte County employees at fault are the Butte County sheriff deputies who falsely arrested, searched and imprisoned Ms. Gibson, Deputy Buchwalter and Deputy Whitney.

Rev. 6/2017

Give a description of the property damage or loss, as is known at the time of the claim:

Give a description of the injury, as is known at the time of the claim:

Emotional Distress and Mental Anguish

## Section 3: Damages Claimed

Amount claimed as of this date:                    $ 75,000

Estimated amount of future costs:                  $ 75,000

Total amount claimed:                              $ 150,000.00

Basis for computation of amounts claimed (include copies of all bills, invoices, estimates, etc.):

General Damages

Was damage investigated by law enforcement? If so, provide which city, county or state agency and law enforcement report number:

No

## Section 4: Additional Information

Names and contact information of witnesses, hospitals, doctors, etc.:

A.

B.

C.

Any additional information that might be helpful in considering this claim (attached additional sheets if necessary):

Please see attached for draft of the complaint which will be filed immediately if this matter cannot be resolved without formal litigation.

➢ **WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM (PENAL CODE § 72; INSURANCE CODE § 556.1)**

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this 1st _____ day of February ____, 20 23 ___ at Sacramento, CA _____

x Kellan S. Patterson, Esq. _____      X _____

Claimant or Claimant's Representative Print        Claimant or Claimant's Representative Sign

Rev. 6/2017                          Page 2 of 2

![Butte County California logo]

**Butte County Administration**
Risk Management
25 County Center Drive, Suite 213
Oroville, California 95965

T: 530.552.3342
F: 530.538.3831

buttecounty.net/administration

*Members of the Board*
*Bill Connelly | Tod Kimmelshue | Peter Durfee | Tami Ritter | Doug Teeter*

March 10, 2023

Wendy Gibson
c/o Law Office of Kellan Patterson
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833

Re: Claim for Damages against the County of Butte

Dear Ms. Gibson:

Notice is hereby given that the claim you presented to Butte County Risk Management on February 13, 2023 was denied on March 10, 2023.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in a Superior Court of the State of California on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

*Julia O*

Julia Ogonowski
Risk Manager

## **DECLARATION OF SERVICE BY MAIL**

State of California
County of Butte

I am employed in the County of Butte, State of California. I am over the age of 18 and not a party to the within action. My business address is 25 County Center Drive, Suite 213, Oroville, California.

I am familiar with the practice of Butte County for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

I served the foregoing **rejection** by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Butte County, located at 25 County Center Drive, Oroville, California, on **March 10, 2023**, enclosed in a sealed envelope with the postage fully prepaid, addressed as follows:

> Wendy Gibson
> c/o Law Office of Kellan Patterson
> 2450 Venture Oaks Way, Suite 200
> Sacramento, CA 95833

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of March 2023 at Oroville, California.


Lauren Ruloph
Administrative Analyst III